**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY DARNELL ARTHUR, | No. 08-56219 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-02455-BEN-RBB |
| v. | |
| R. TORRES, Correctional Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner Larry Darnell Arthur appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies as required by the Prison Litigation Reform Act,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed Arthur's excessive force claims because Arthur did not properly exhaust administrative remedies before filing his complaint in federal court, and failed to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (although exhaustion may not be required where improper screening of grievances "give[s] rise to a reasonable good faith belief that administrative remedies are effectively unavailable[,]" inmate who failed to follow explicit instructions on how to appeal had no such reasonable belief).

We construe the dismissal of Arthur's claims to be without prejudice. *See Wyatt*, 315 F.3d at 1120 (dismissals for failure to exhaust administrative remedies are without prejudice).

We do not consider issues not adequately raised in Arthur's opening brief. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

**AFFIRMED.**